J. S02008/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
LAMONT G. HENDERSON,　　　　　　　:　　　　No. 2986 EDA 2015
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　　　　:


Appeal from the PCRA Order, September 4, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0710351-1981


BEFORE:　FORD ELLIOTT, P.J.E., STABILE AND MOULTON, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED FEBRUARY 22, 2017**

Lamont G. Henderson appeals from the September 4, 2015 order dismissing his petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.

The underlying facts and procedural history of this case were summarized by the PCRA court and need not be reiterated here. (**See** PCRA court opinion, 4/25/16 at 1-4.) In sum, appellant filed the instant PCRA petition, his fifth, on August 5, 2013, alleging that he was entitled to relief with respect to his December 20, 1981 conviction for the shooting death of

Philadelphia Police Officer Jack E. Holcomb, Jr.[1]   Appellant is currently serving a sentence of life imprisonment that was imposed by the trial court on March 2, 1982.  On July 31, 2015, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing.  Thereafter, on September 4, 2015, the PCRA court dismissed appellant's petition as untimely.   This timely appeal followed.

On appeal, appellant presents the following issue for our review:

> WHETHER THE [PCRA] COURT ERRED IN FINDING APPELLANT'S PCRA PETITION TO BE UNTIMELY?

Appellant's brief at 10.

The timeliness of appellant's PCRA petition implicates the jurisdiction of this court and the PCRA court.  ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted).   All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final.   42 Pa.C.S.A. § 9545(b)(1).  "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review."  ***Id.*** § 9545(b)(3).  If a PCRA petition is untimely, a

---

[1] Appellant was found guilty of first-degree murder, robbery, and possessing instruments of crime in connection with this incident.  ***See*** 18 Pa.C.S.A. §§ 2502, 3701, and 907, respectively.

court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, it is undisputed that appellant's August 5, 2013 PCRA petition is patently untimely. As noted, appellant was sentenced to an aggregate term of life imprisonment on March 2, 1982. On March 6, 1984, a panel of this court affirmed the judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on October 15, 1984. ***See Commonwealth v. Henderson***, 472 A.2d 211 (Pa.Super. 1984), ***appeal denied***, ___ A.2d ___ (Pa. 1984). Appellant did not seek ***certiorari*** with the United States Supreme Court. Thus, appellant's judgment of sentence became final on December 14, 1984, 60 days after the time for filing a petition for ***certiorari*** with the United States Supreme Court expired. ***See*** (former) U.S.Sup.Ct.R. 20.1; 42 Pa.C.S.A. § 9545(b) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in Section 9545(b)(1). ***See Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa.Super. 2014).

The three exceptions to the PCRA time-bar are as follows: "(1) interference by government officials in the presentation of the claim;

(2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. ***Id.*** § 9545(b)(2).

Instantly, appellant contends he satisfied Section 9545(b)(1)(ii) because his claims are predicated on a "fact" of which he was previously unaware; namely, the United States Supreme Court's decision in ***McQuiggin v. Perkins***, 133 S.Ct. 1924 (2013). (Appellant's brief at 14, 38-39.) In ***McQuiggin***, the Supreme Court held that in federal ***habeas corpus*** proceedings, strict compliance with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) will not be required when the petitioner advances a convincing claim of actual innocence. ***McQuiggin***, 133 S.Ct. at 1928. Under ***McQuiggin***, petitioners who assert a convincing actual innocence claim may invoke the miscarriage of justice exception to overcome the federal ***habeas corpus*** statute of limitations. ***Id.*** Appellant contends it is unconstitutional to apply the PCRA timeliness provisions to his instant petition in light of the ***McQuiggin*** holding. (Appellant's brief at 14.)

Upon review, we discern no error on the part of the PCRA court in dismissing appellant's petition as untimely. Contrary to appellant's claim,

the record reflects that appellant failed to file his August 5, 2013 petition within 60 days of the date **McQuiggin** was decided, May 28, 2013, as required by Section 9545(b)(2).

Moreover, we have recognized that **McQuiggin** is inapplicable to the instant matter because that decision pertained to timeliness requirements for federal **habeas corpus** review, and not PCRA petitions. In **Commonwealth v. Brown**, 143 A.3d 418 (Pa.Super. 2016), a panel of this court recently addressed the applicability of **McQuiggin** to the timeliness provisions set forth in the PCRA. The **Brown** court declined to follow **McQuiggin** on state-law grounds, reasoning as follows:

> Our jurisprudence, however, has already deemed such decisions pertaining to federal **habeas corpus** law irrelevant to our construction of the timeliness provisions set forth in the PCRA. **See Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa.Super. 2013) ("While **Martinez** [**v. Ryan**, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012)] represents a significant development in federal **habeas corpus** law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA."). While **McQuiggin** represents a further development in federal **habeas corpus** law, as was the case in **Saunders**, this change in federal law is irrelevant to the time restrictions of our PCRA.

**Brown**, 143 A.3d at 420-421 (citations and brackets in original).

Lastly, we note that our supreme court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii)

of the PCRA." ***Commonwealth v. Whitehawk***, 146 A.3d 266, 271 (Pa. 2016), citing ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011).

For all of the foregoing reasons, we find the PCRA court lacked jurisdiction to consider the merits of appellant's fifth PCRA petition and properly dismissed it as untimely filed. Accordingly, we affirm the September 4, 2015 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017